32306-07 SMM/KEA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PRIME INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  No.  1:19-CV-478 |
| DARNELL WRIGHT, ALI FARUQ, | ) |
| DEVAL SONEJI, RITEWAY TRUCKING, | ) |
| INC., and RITEWAY TRANSPORTATION | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, PRIME INSURANCE CO., by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, for its Complaint for Declaratory Relief, states as follows:

## PARTIES

1. Prime Insurance Co. ("Prime") is a Utah corporation with its principal place of business in Sandy, Utah, and is licensed to do business in the State of Indiana.

2. Defendant Darnell Wright is an individual residing in Fort Wayne, Indiana and is a citizen of the State of Indiana.

3. Defendant, and Prime's insured, Riteway Trucking, Inc., is an Illinois corporation with its principal place of business in South Holland, Illinois.

4. Defendant and interested party Ali Faruq is an individual residing in Cook County, Illinois and is a citizen of the State of Illinois.

5. Defendant and interested party Deval Soneji is an individual residing in Cook County, Illinois and is a citizen of the State of Illinois.

1

6. Defendant and interested party Riteway Transportation Inc. is an Illinois corporation with its principal place of business in South Holland, Illinois.

## JURISDICTION

7. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1369(c) because: (1) defendant DARNELL WRIGHT resides and is subject to personal jurisdiction in this District; and (2) a substantial part of the events or omissions giving rise to the claims set forth herein and forming the basis of the complaint occurred in this District.

## GENERAL ALLEGATIONS

10. On March 27, 2015, defendant Darnell Wright filed a complaint against Riteway Trucking, Inc., Decardo Humphrey, Ali Faruq, and Prudential Trucking, Inc. as the result of injuries he allegedly sustained from a car accident that occurred on November 12, 2013 (the "Wright suit").

11. The Wright suit alleged that Wright was involved in a collision with a truck driven by Humphrey, and the remaining defendants were vicariously liable for Humphrey's negligence. That case had proceeded to a default judgment as to most of the defendants, which is subject to a petition to transfer to the Indiana Supreme Court.

12. On April 30, 2015, Prime filed an action before the United States District Court for the Northern District of Indiana (the related "coverage suit"), seeking a declaration that the policy did not cover the Wright suit.

13. The coverage suit was ultimately resolved in Prime's favor, with all defendants—except Wright—defaulting and the court granting Prime's motion for summary judgment. True and correct copies of the January 29, 2018 and March 26, 2018 orders are attached as Exhibits A and B, respectively. The court ruled that no coverage was owed, and Riteway and its alter egos were liable to Prime for any payments made under an MCS-90 endorsement.

14. Prime now seeks a declaration that it is not responsible to pay the default award issued against Riteway, in whole or in part, under the terms of the MCS-90.

## COUNT I
## No Interstate Commerce at Issue

15. Plaintiff repeats and realleges Paragraphs 1-14 as if fully set forth herein.

16. Prime is not responsible for payment to Wright under the MCS-90 Endorsement ("MCS-90") because MCS-90 does not apply here in that the subject judgment makes no factual finding that the accident involved carriage of goods in interstate commerce.

17. MCS-90 is an endorsement that provides the equivalent of minimum required liability limits for a party that is uninsured for a particular loss, i.e. $750,000. The MCS-90 obligates an insurer to pay certain judgments against the insured arising from *interstate* carriage of goods.

18. There is no cognizable evidence on which Wright's judgment would be with the indemnity of the MCS-90.

WHEREFORE, Plaintiff respectfully requests this Court find and declare that defendant Darnell Wright is precluded from recovering under the MCS-90 Endorsement because the accident that is the subject of his judgment award did not arise from interstate carriage of goods.

## COUNT II
## The Claim Is Otherwise Not Subject to the MCS-90

19. Plaintiff repeats and realleges Paragraphs 1-14 as if fully set forth herein.

3

20. The MCS-90 is a federally drafted indemnity provision intended to protect members of the public for proven liability, not for collusive or default judgments.

21. The judgment in the Wright suit is a collusive and/or default judgment.

22. Prime should not now be forced to issue payment on its insured's behalf when: (1) the judgment against Riteway was obtained through collusion and/or default.

WHEREFORE, Plaintiff respectfully requests this Court find and declare that Plaintiff is not bound by the MCS-90 Endorsement because the basis of the judgment was default rather than a ruling on the merits.

## COUNT III
### MCS-90 Applies Only to Judgment Awards, Not Interest

23. Plaintiff repeats and realleges Paragraphs 1-14 as if fully set forth herein.

24. Even if interstate carriage of goods were involved and MCS-90 applies to a default award in which the insurer attempted to intervene, MCS-90 agrees only to pay the final judgment:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 . . . .

25. Thus, Wright is not entitled to an award of costs and interest from Prime under MCS-90.

WHEREFORE, Plaintiff respectfully requests this Court find and declare that, if this Court were to find that the MCS-90 Endorsement applies, defendant Darnell Wright is not entitled to costs and interest under the MCS-90 language.

## COUNT IV

26. Plaintiff repeats and realleges Paragraphs 1-14 as if fully set forth herein.

27. The MCS-90 provides:

4

The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

28. Per the court's January 29, 2018 order, defendants Riteway Trucking, Inc., Ali Faruq, Deval Soneji, and Riteway Transportation, Inc. are "alter egos of each, such that each is and shall be liable to Plaintiff for any obligation of Riteway Trucking, Inc. under the MCS-90 of the policy."

29. If Prime is required to pay all or part of the judgment in the Wright suit, that judgment should be reduced to a dollar judgment for which these defendants are liable.

WHEREFORE, should Prime be held liable for all or part of the Wright suit, Plaintiff respectfully requests this Court reduce to a dollar judgment that amount for which defendants Riteway Trucking, Inc., Ali Faruq, Deval Soneji, and Riteway Transportation, Inc. are liable.

Respectfully submitted,

*/s/ Siobhan M. Murphy*
One of the attorneys for Plaintiff

Siobhan M. Murphy (34290-45)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
50 E. 91st St., Suite 104
Indianapolis, IN  46240
Phone: (317) 333.6421
Fax: (317) 542.5207
Siobhan.Murphy@lewisbrisbois.com

Scott B. Cockrum (20840-45)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
222 Indianapolis Blvd., Suite 207-5
Schererville, IN  46375
Phone: (219) 440.0602
Fax: (219) 440.0601
Scott.Cockrum@lewisbrisbois.com