UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PRIME INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00478-DRL-SLC |
| | ) | |
| ALI FARUQ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **OPINION AND ORDER**

Before the Court is Plaintiff's motion for leave to serve Defendants Ali Faruq, Deval Soneji, Riteway Trucking, Inc., and Riteway Transportation, Inc. ("Defendants"), by publication and for extension of time filed on July 22, 2024. (ECF 62). Defendants have not appeared in this action, and thus, have not filed a response to the motion. For the reasons set forth herein, the motion will be denied without prejudice as to Plaintiff's request to serve Defendants by publication, and Plaintiff's request for a sixty-day extension of time will be granted.

### *A. Background*

Plaintiff filed this action against Defendants and then-defendant Darnell Wright in November 2019. (ECF 1). Plaintiff seeks a declaration that it is not responsible under an insurance policy to pay a default judgment awarded in favor of Wright and against its insured, Defendant Riteway Trucking, Inc., entered by the Allen Superior Court in an underlying suit arising from a traffic accident that occurred in Indiana. (*Id.*; *see* ECF 31 at 1-4). Wright is the only defendant who has appeared in this action. (ECF 16, 17).

In April 2022, District Judge William C. Lee entered an amended summary judgment in Wright's favor, ruling that Wright is entitled to recover the $400,000 judgment awarded by the

Allen Superior Court, plus interest and costs. (ECF 41). Plaintiff filed an appeal, and the Seventh Circuit Court of Appeals affirmed the judgment in January 2023. (ECF 32, 44).

On January 24, 2024, Plaintiff filed a motion for leave to file an amended complaint against Defendants, which the Court granted. (ECF 52, 54). On May 30, 2024, Plaintiff sought an extension of time within which to effectuate service on Defendants, stating that its attempts to serve Defendants had been unsuccessful. (ECF 58 ¶ 4). Plaintiff asserted that Defendants Riteway Trucking, Inc., and Riteway Transportation Inc., were "now defunct businesses no longer located at 16901 Van Dam Road, South Holland, Illinois, as indicated on the Illinois Secretary of State business search webpage" (*id.* ¶ 3), and that Defendants were no longer at their "abode" address of 10077 Frontage Road, Skokie, Illinois (the "Skokie address") (*id.* ¶ 4). The Court granted the motion and afforded Plaintiff to and including August 1, 2024, to effectuate service on Defendants. (ECF 59).

On July 22, 2024, Plaintiff filed the instant motion, seeking leave of Court to serve Defendants by publication and a sixty-day extension of time within which to effectuate service. (ECF 62). In support of the motion, Plaintiff submitted affidavits of attempted service signed by its process server and an affidavit of a non-attorney docket clerk with Plaintiff's law firm. (ECF 62-1 to 62-5).

### B. Applicable Law

Federal Rule of Civil Procedure 4 requires that a plaintiff serve a summons and copy of the complaint upon a defendant within ninety days of the filing of a complaint or within an extension for service granted by the court. Fed. R. Civ. P. 4(c), (m). A plaintiff may effectuate process upon an individual or an organization in the United States by following state law for the

2

state in which the district court is located or service is made. Fed. R. Civ. P. 4(e)(1), (h)(1)(A); *see United States v. Graham*, No. 4:23-cv-00097-TWP-KMB, 2023 WL 7473494, at *1 (S.D. Ind. Oct. 31, 2023).

"A person subject to the jurisdiction of the courts of [Indiana] under [Indiana Rule of Trial Procedure 4.4] may be served with summons: (1) as provided by Rules 4.1 (service on individuals), 4.5 (service upon resident who cannot be found or served within the state), 4.6 (service upon organizations), [or] 4.9 (in rem actions) . . . ." Ind. R. Trial P. 4.4(B)(1). Indiana Rule of Trial Procedure 4.5 provides that "[w]hen the person to be served . . . cannot be served personally or by agent in this state and either cannot be found, has concealed his whereabouts or has left the state," service by publication as provided by Indiana Rule of Trial Procedure 4.13 is permissible.[1] In order to do so, "the party must ask the court to allow service by publication, and the request must be supported by an affidavit that 'diligent search has been made that the defendant cannot be found, has concealed [its] whereabouts, or has left the state." *Graham*, 2023 WL 74734394, at *1 (citation omitted); *see* Ind. R. Trial P 4.13(A). The movant must also "prepare the contents of the summons to be published," Ind. R. Trial P. 4.13(A), which must contain all of the information set forth in Indiana Trial Rule 4.13(B).

### *C. Analysis*

Plaintiff asserts that it has diligently attempted to serve process upon Defendants, but that Defendants continue to "evade service, threaten process servers, or otherwise conceal their whereabouts" from Plaintiff. (ECF 62 ¶ 16). In support, Plaintiff states that "[a]ttempts to serve

---

[1] Indiana Rule of Trial Procedure 4.5 states that Rule 4.9 (Summons: in Rem Actions) is a permissible summons method and Rule 4.9(B)(3), in turn, identifies Rule 4.13 (Service by Publication) as a permissible summons method.

Defendants were made on May 7 and May 23, 2024. (*Id.* ¶ 2 n.1). Particularly, Plaintiff states that its process server attempted to serve Defendants personally at their Skokie address on the morning of July 8, 2024, but the resident there refused to open the door and claimed that all Defendants were unknown to her. (*Id.* ¶ 6; ECF 62-1 to 62-4). That evening, the process server spoke by telephone with a different resident of the Skokie address, who claimed he had filed bankruptcy and did not have to accept "the papers" and then threatened the process server. (ECF 62 ¶ 7; ECF 62-1 to 62-4).

As stated above, Plaintiff submits the affidavits of attempted service signed by its process server on July 8, 2024 (ECF 62-1 to 62-4), and an affidavit from a non-attorney docket clerk with Plaintiff's law firm stating that she could not locate any bankruptcy proceedings for Defendants (ECF 62-5). Plaintiff, however, has failed to submit the affidavit required by Indiana Rule of Trial Procedure 4.13(A) attesting as to each Defendant "that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state . . . ." Nor has Plaintiff submitted "the contents of the summons to be published" containing all of the information set forth in Indiana Rule of Trial Procedure 4.13(B). Ind. R. Trial P. 4.13(A). Consequently, Plaintiff's motion to serve Defendants by publication will be denied without prejudice for failure to comply with all of the requirements of Indiana Rule of Trial Procedure 4.13. The Court will, however, grant Plaintiff's request for an extension of time within which to serve Defendants.

### D. Conclusion

For the foregoing reasons, Plaintiff's motion to serve Defendants by publication and extension of time (ECF 62) is GRANTED IN PART to the extent that the Court AFFORDS

4

Plaintiff an extension to and including October 1, 2024, to effectuate service on Defendants. The motion is OTHERWISE DENIED without prejudice.

SO ORDERED.

Entered this 4th day of September 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge