UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PRIME INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00478-DRL-SLC |
| | ) | |
| ALI FARUQ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's second motion for leave to serve Defendants Ali Faruq, Deval Soneji, Riteway Trucking, Inc., and Riteway Transportation, Inc. ("Defendants"), by publication and for extension of time filed on October 11, 2024. (ECF 69). Defendants have not appeared in this action. For the reasons set forth herein, the motion will be granted.

*A. Background*

The Court set forth the relevant background of this case in its September 4, 2024, Opinion and Order (the "First Order") addressing Plaintiff's first motion for leave to serve Defendants by publication (ECF 63), and thus, will not do so again here. In the First Order, the Court denied Plaintiff's request to serve Defendants by publication due to Plaintiff's failure to submit an affidavit attesting as to each Defendant "that diligent search has been made[,] that the defendant cannot be found, has concealed his whereabouts, or has left the state . . . ." (*Id.* at 4). Nor had Plaintiff submitted "the contents of the summons to be published" containing the information required by Indiana Rule of Trial Procedure 4.13. (*Id.* (citing Ind. R. Trial P. 4.1(A)). The Court did, however, afford Plaintiff an extension of time to and including October 1, 2024, to effect service on Defendants. (*Id.* at 4-5).

On October 11, 2024, Plaintiff belatedly filed the second motion for publication and extension of time now before the Court, again seeking leave of Court to serve Defendants by publication and a sixty-day extension of time within which to effectuate service. (ECF 69).[1] In support of the motion, Plaintiff submitted an affidavit of its counsel, an affidavit of its special process server, and the proposed contents of its requested summons by publication. (ECF 69-1 to 69-3).

### *B. Applicable Law*

Federal Rule of Civil Procedure 4 requires that a plaintiff serve a summons and copy of the complaint upon a defendant within ninety days of the filing of a complaint or within an extension for service granted by the court. Fed. R. Civ. P. 4(c), (m). A plaintiff may effectuate process upon an individual or an organization in the United States by following state law for the state in which the district court is located or service is made. Fed. R. Civ. P. 4(e)(1), (h)(1)(A); *see United States v. Graham*, No. 4:23-cv-00097-TWP-KMB, 2023 WL 7473494, at *1 (S.D. Ind. Oct. 31, 2023).

"A person subject to the jurisdiction of the courts of [Indiana] under [Indiana Rule of Trial Procedure 4.4] may be served with summons: (1) [a]s provided by Rules 4.1 (service on individuals), 4.5 (service upon resident who cannot be found or served within the state), 4.6 (service upon organizations), [or] 4.9 (in rem actions) . . . ." Ind. R. Trial P. 4.4(B)(1). Indiana Rule of Trial Procedure 4.5 provides that "[w]hen the person to be served . . . cannot be served personally or by agent in this state and either cannot be found, has concealed his whereabouts or

---

[1] The Court is choosing to overlook the untimeliness of Plaintiff's second motion, in that it was filed ten days after the Court's October 1, 2024, deadline. (ECF 63, 69). Plaintiff is FOREWARNED, however, that the Court will not be inclined to do so in the future.

2

has left the state," service by publication as provided by Indiana Rule of Trial Procedure 4.13 is permissible.[2] In order to do so, "the party must ask the court to allow service by publication, and the request must be supported by an affidavit that 'diligent search has been made[,] that the defendant cannot be found, has concealed [its] whereabouts, or has left the state.'" *Graham*, 2023 WL 7473494, at *1 (citation omitted); *see* Ind. R. Trial P 4.13(A). The movant must also "prepare the contents of the summons to be published[,]" Ind. R. Trial P. 4.13(A), which must contain all of the information set forth in Indiana Trial Rule 4.13(B).

### C. The Instant Motion

Since Plaintiff's service attempts summarized in the First Order (ECF 69 at 3-4), Plaintiff has retained a different special process server and made additional attempts to serve Defendants. (ECF 69 ¶ 13). In an affidavit, the process server reports that on September 25, 2024, he attempted to serve Defendants at 10077 Frontage Road, Unit A, Skokie, Illinois (the "Skokie address"), but no one came to the door. (ECF 69-2 ¶ 2). The process server returned to the Skokie address on September 30, 2024, and this time an unknown female answered the door but refused to identify herself by name or in relationship to Defendants. (*Id.* ¶¶ 3, 4). The process server handed copies of the complaint and summons for each Defendant to the unidentified female, and she willingly accepted the papers before closing the door. (*Id.* ¶ 5). However, the process server cannot confirm whether the unidentified female is related to Defendants or whether she is a resident of the Skokie address. (*Id.* ¶ 6).

In another affidavit, Plaintiff's counsel attests:

---

[2] Indiana Rule of Trial Procedure 4.5 states that Rule 4.9 (Summons: in Rem Actions) is a permissible summons method and Rule 4.9(B)(3), in turn, identifies Rule 4.13 (Service by Publication) as a permissible summons method.

3

    21.    [Plaintiff] has repeatedly made reasonable and diligent efforts to search for and identify the whereabouts of Defendants . . . . Despite these good faith efforts, [Plaintiff] has been unable to effectuate service on Defendants because, upon information and belief, Defendants are intentionally attempting to conceal their whereabouts and evade service.

    22.    A diligent search has been made by [Plaintiff], but Defendants . . . cannot be found, have concealed their whereabouts, or have otherwise left the state.

(ECF 69-1 ¶¶ 21, 22). As stated earlier, Plaintiff has also submitted the contents of its requested summons by publication with its motion. (ECF 69-3).

### *D. Analysis*

The Court finds that service by publication according to Indiana Rule of Trial Procedure 4.13 is appropriate here. Plaintiff has shown by affidavit that "[a] diligent search has been made by [Plaintiff], but Defendants . . . cannot be found, have concealed their whereabouts, or have left the state." (ECF 69-1 ¶ 22); *see* Ind. R. Trial P. 4.13(A). Plaintiff reports that the corporate Defendants "are defunct businesses no longer located at or otherwise operating from the Illinois address identified on the Illinois Secretary of State business webpage." (ECF 69 ¶ 4). Plaintiff has conducted searches for pending bankruptcy filings for Defendants. (*Id.* ¶ 8). Plaintiff obtained skip-traces to locate the individual Defendants, which linked them to the Skokie address. (*Id.* ¶ 3). Plaintiff made multiple attempts to serve Defendants at the Skokie address through its use of two different special process servers. (*Id.* ¶¶ 5-7, 13-14).

Accordingly, Plaintiff will be permitted to effectuate service of process upon Defendants by publication according to Rule 4.13. Further, because Plaintiff's time to effect service has now expired, the Court will extend the deadline for Plaintiff to complete service by publication for an additional sixty days, though the Court is not inclined to grant any additional requests for an

4

extension of time to effect service in the future.

### *E. Conclusion*

For the foregoing reasons, Plaintiff's second motion to serve Defendants by publication and extension of time (ECF 69) is GRANTED. Plaintiff is AFFORDED to and including December 17, 2024, to effectuate service by publication on Defendants. Plaintiff is FOREWARNED that any requests for additional time to effectuate service will not be granted absent extraordinary circumstances.

SO ORDERED.

Entered this 17th day of October 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

5